STATE OF HAWAI`I, Plaintiff-Appellee,
v.
ROGER PERALTA, Defendant-Appellant
No. 28829
Intermediate Court of Appeals of Hawaii.
December 29, 2008.
Richard L. Hoke, Jr. (Pavey Hoke and Watson) for Defendant-Appellant.
James M. Anderson, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., FOLEY and LEONARD, JJ.
Defendant-Appellant Roger Peralta (Peralta) appeals from the Judgment of Conviction and Sentence (Judgment) filed on June 29, 2007 in the Circuit Court of the First Circuit (circuit court).[1] A jury found Peralta guilty of Attempted Murder in the Second Degree, in violation of Hawaii Revised Statutes (HRS) §§ 705-500 (1993), 707-701.5 (1993), and 706-656 (1993 & Supp. 2007). The circuit court sentenced Peralta to imprisonment for life with the possibility of parole and a mandatory minimum term of twenty years for use of a semiautomatic firearm in a felony, in violation of HRS § 706-660.1(3) (1993).
On appeal, Peralta argues the following:
(1) The circuit court abused its discretion by denying his Motion for Reconsideration because he was denied effective assistance by his trial counsel (Counsel 1), who
(a) advised Peralta that if Peralta did not testify, a jury might acquit him of Attempted Murder in the Second Degree or convict him of only misdemeanor assault  advice that led Peralta to reject a plea offer of Assault in the Second Degree from the State of Hawai`i (State) and to decline to testify at trial;
(b) unreasonably based his trial strategy on the theory that the shooting was an accident rather than the theory that Regino Borromeo (Borromeo) had grabbed the gun, causing it to fire, and failed to call Peralta to the stand, obtain a fingerprint analysis of the gun, and question Peralta's wife about Borromeo's apology to Peralta immediately after the shooting;
(c) in the four years prior to trial, never visited the crime scene, interviewed any of the police officers or evidence specialists, or questioned any witness in the case besides Peralta and Peralta's wife;
(d) never requested a jury instruction regarding the defense of extreme emotional or mental distress (EMED defense), despite evidence showing that Peralta was under extreme mental or emotional distress (EMED) at the time of the shooting; and
(e) failed to object to Borromeo's testimony that (i) Borromeo had been smoking crystal methamphetamine (ice) with Peralta daily for two years prior to the shooting, and (ii) Peralta had guns.
(2) The circuit court's finding that if the jury had accepted Borromeo's perception of the manner in which the gun was discharged, Peralta would have been acquitted was clearly erroneous.
(3) The circuit court's finding that the record lacked competent evidence of an "alternative defense" was erroneous.
(4) The circuit court's failure to, sua sponte, instruct the jury as to the EMED defense was plain error because there was evidence that Peralta was extremely emotionally disturbed at the time of the shooting.
Peralta asks this court to vacate the Judgment and remand the case for a new trial.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Peralta's points of error as follows:
(1) The circuit court did not abuse its discretion by denying the Motion for Reconsideration because Peralta did not demonstrate that Counsel 1 provided him with ineffective assistance.
(a) Pursuant to Counsel 1's testimony at the hearing, there was substantial evidence that based on Counsel 1's advice, Peralta, himself, decided to reject the State's plea offer and knowingly and voluntarily declined to testify at trial. See State v. Mattiello, 90 Hawai`i 255, 259, 978 P.2d 693, 697 (1999) (holding that the appellate court will not pass upon the issue of credibility of witnesses because that is within the province of the trier of fact); Tachibana v. State, 79 Hawai`i 226, 236 n.7, 900 P.2d 1293, 1303 n.7 (1995); and State v. Staley, 91 Hawai`i 275, 287, 982 P.2d 904, 916 (1999).
(b) There is no evidence in the record on appeal for Peralta's contention that Counsel 1 "failed to consider [that] if [Peralta] did not testify, assault second was still the best [Peralta] should reasonably expect, given the evidence and the law."
(c) It is not true that Counsel 1 should have known that Peralta could not have been acquitted by a jury, based on the evidence Counsel 1 knew would be presented at trial. Given evidence in the record on appeal, Counsel 1 had substantial reason to believe a jury might find that Peralta lacked the intent to commit Attempted Murder in the Second Degree, a finding which could have resulted in Peralta's acquittal. See HRS §§ 707-500 (1), 707-701.5, & 701-114 (1993).
(d) Counsel 1 was not unreasonable to base his trial strategy on the theory that the shooting was an accident rather than the theory that Borromeo had grabbed the gun, causing it to fire. In its "Order: 1) Denying Motion for Judgment of Acquittal[,] 2) Denying Motion to Reconsider [Oral] Denial of [Peralta's] Motion for Judgment of Acquittal and/or New Trial[,] 3) Granting Motion to Reopen Hearing to Admit Additional Evidence[,] and 4) Denying Motion for New Trial" (Order re Motions), the circuit court found that given Peralta's knowing and voluntary waiver of his right to testify, "to consider [Peralta's] version of the events... would fundamentally undermine the integrity of the trial process." There is substantial evidence in the record in support of the circuit court's findings, see Tachibana, 79 Hawai`i at 236 n.7, 900 P. 2d at 1303 n.7, and we agree with the court's application of the law to the facts on this point. Hence, the findings are not clearly erroneous.
(e) Although Peralta argues that in the four years prior to trial, Counsel 1 never visited the crime scene, interviewed any of the police officers or evidence specialists, or questioned any witness in the case besides Peralta and Peralta's wife, Peralta does not explain and the record does not indicate what additional evidence Counsel 1's visit to the crime scene would have elicited. Further, Peralta has not presented testimony, sworn statements, affidavits, or declarations from witnesses regarding what additional witnesses would have testified to, if Counsel 1 had called them to testify at trial. See State v. Richie, 88 Hawai`i 19, 39, 960 P.2d 1227, 1247 (1998) ("Ineffective assistance of counsel claims based on the failure to obtain witnesses must be supported by affidavits or sworn statements describing the testimony of the proffered witnesses.").
(f) Counsel 1 did not err by failing to request a jury instruction regarding the EMED defense. In its Order re Motions, the circuit court found that the record in this case did not reflect any subjective or objective evidence that Peralta was acting under a loss of self-control due to EMED at the time he shot Borromeo. State v. Janto, 92 Hawai`i 19, 32, 986 P.2d 306, 319 (1999); see also HRS § 707-702 (2) (1993 & Supp. 2002); State v. Kaiama, 81 Hawai`i 15, 25-26, 911 P.2d 735, 745-46 (1996); State v. Sawyer, 88 Hawai`i 325, 333, 966 P.2d 637, 645 (1998); and State v. Aganon, 97 Hawai`i 299, 304, 36 P.3d 1269, 1274 (2001). There is substantial evidence in the record in support of the circuit court's findings, and we agree with the court's analysis of this issue. Hence, the findings are not clearly erroneous.
(g) Counsel 1 did not err by failing to object to Borromeo's testimony that he had smoked ice with Peralta for two years at the time of the incident because the prejudicial impact of such evidence outweighed any probative value it may have had. In its Order re Motions, the circuit court found that the evidence of Peralta's prior use of ice was relevant to the determination of the case, and on balance, the probative value of the evidence substantially outweighed the danger of unfair prejudice to Peralta. See Hawai`i Rules of Evidence Rule 404(b); State v. Castro, 69 Haw. 633, 643, 756 P.2d 1033, 1041 (1988); State v. Renon, 73 Haw. 23, 32, 828 P.2d 1266, 1270 (1992); State v. Pinero, 70 Haw. 509, 518, 778 P.2d 704, 711 (1989); and State v. Cordeiro, 99 Hawaii 390, 416, 56 P.3d 692, 718 (2002). There is substantial evidence in the record in support of the circuit court's findings, and on the whole, we agree with the court's analysis of this issue. The findings are not clearly erroneous.
(h) Counsel 1 did not err by failing to object to Borromeo's testimony that Peralta had guns. In its Order re Motions, the circuit court found that Counsel 1's failure to object to the State's questions  "Did you know that [Peralta] had guns?" and "Had you seen them [the guns] before?"  did not reflect counsel's lack of skill, judgment, or diligence or result in the withdrawal or substantial impairment of a potentially meritorious defense. See State v. Wakisaka, 102 Hawai`i 504, 513-14, 78 P.3d 317, 326-27 (2003). There is substantial evidence in the record in support of the circuit court's findings, and we agree with the court's analysis of this issue. Hence, the findings are not clearly erroneous.
(2) Peralta argues that the circuit court's finding that if the jury had accepted Borromeo's perception of the manner in which the gun was discharged, Peralta would have been acquitted is clearly erroneous. Peralta also argues that the circuit court's finding that the record lacked competent evidence of an "alternative defense" was erroneous. However, the findings were made alternatively to the circuit court's finding that it would be inappropriate for the court to consider Peralta's argument about the alternate theory, given that Peralta knowingly and voluntarily waived his right to testify with the understanding that his waiver would keep evidence about Borromeo's having grabbed the gun from being presented at trial. Given our holding that the circuit court's finding on that point was not clearly erroneous, we need not address these points.
(3) Peralta argues that the circuit court's failure to, sua sponte, instruct the jury as to the EMED defense was plain error because there was evidence that Peralta was extremely emotionally disturbed at the time of the shooting. In the Order re Motions, the circuit court found that the record in this case did not support an EMED defense. Given our holding that that finding was not clearly erroneous, we need not address this issue.
Therefore,
IT IS HEREBY ORDERED that the Judgment of Conviction and Sentence filed on June 29, 2007 in the Circuit Court of the First Circuit is affirmed.
NOTES
[1] The Honorable Richard W. Pollack presided.